Law Offices

# Barry Levin

100 Fairway road
Lido Beach, New York
11561 (516) 222-4500
BL3160@aol.com

September 18, 2013

By ECF/ mail
Hon. Dora Irizarry
United States District Judge
225Cadman Plaza East
Brooklyn, New York 11201

        Re:   United States v. Brian Dublynn et al.
                  Cr. No. 11-486

Dear Judge Irizarry:

     I represent Brian Dublynn in the above captioned case. On behalf of Mr. Dublynn who is presently scheduled to be sentenced before Your Honor on October 3, 2013, following his plea of guilty to one count of participating in a conspiracy to distribute and possess with intent to distribute marijuana, a Class C felony in violation of 21 U.S.C. & 841 (b) (1) (C) and 21 U.S.C & 846. This letter is submitted in support of Mr. Dublynn's request for the lowest possible sentence.

     Mr. Dublynn is 36 years old and prior to this case has never served a prison sentence. Mr. Dublynn has been incarcerated since his arrest on July 13, 2011.  He has remained in federal custody at the Metropolitan Detention Center throughout theses proceedings.

Dublynn's Plea Agreement

On May 14, 3013 Mr. Dublynn plead guilty before Magistrate Judge Joan M. Azrack to a lesser/included offense within count 3 of the super-ceding indictment.  Pursuant to the party's plea agreement Mr. Dublynn has accepted responsibility for his role in the above mentioned conspiracy. Under the terms of the plea agreement Mr. Dublynn has acknowledged that his guidelines should be calculated based upon 700 kilograms of marijuana, resulting in an adjusted offense level 27. Furthermore, the parties have agreed that Mr. Dublynn is also entitled to receive a two level reduction for a global disposition, which has been satisfied according to the government. This results in an advisory guideline range of an offense level 25 criminal history category 2 with an advisory guideline sentence of 63 to 78 months.

## The Pre-sentence Report

Mr. Dublynn participated in an extensive pretrial interview conducted by U.S.P.O. Mary Ann Betts. All the information provided by Mr. Dublynn during the interview was verified by P.O. Betts and is set forth in the report dated August 14, 2013. Previously on behalf of Mr. Dublynn, your the undersigned submitted a letter to both the court and probation stating there were no objections to the pre-sentence investigation report. At page 32 commencing at paragraph 121 the pre-sentence report addresses Mr. Dublynn's personal background and family upbringing. Mr. Dublynn is the eldest sibling of teenage parents, his father was a violent drunk and drug abuser who was both physically and verbally abusive to Mr. Dublynn's mother. Mr. Dublynn at an early age was a witness to constant fighting and abuse by his father and mother. As set forth in the numerous letters of support being provided simultaneously to this court, Mr. Dublynn would be found hiding in the bathroom and shaking when his relatives would come to check up on him (see letter of Mr. Dublynn's uncle, William R. Dublynn). By the time Mr. Dublynn was five years old he was removed from his parents home. As a young child Mr. Dublynn was verbally abused and neglected by the two people he looked to for sustenance and security. Subsequent to being removed from his parents home he was raised by his grandparents who had provided a stable life. However, by the time Mr. Dublynn had moved in with his grandparents, the emotional and psychological damage was already done. Mr. Dublynn went for years without seeing his father and only occasionally having contact with his mother.

As a result of Mr. Dublynn's tumultuous upbringing he has developed his own drug and alcohol problems. It was a result of his own drug abuse that led Mr. Dublynn into his participation in the marijuana conspiracy. Notwithstanding Mr. Dublynn's early life traumas he was able to succeed both academically and athletically at St. Francis Prep High School, where he maintained a B average and was a star athlete. He thereafter attended the Maritime College in the Bronx, New York for approximately two years between 1995-1997. He thereafter transferred to St. Johns University in Queens.

As a result of his emotional issues he commenced abusing alcohol and drugs in college which resulted in his failure to obtain a degree. As set forth in the numerous letters of family and friends, Mr. Dublynn is a bright and caring individual who realizes the egregious mistakes he has made with his own life. Mr. Dublynn at 36 years old with no prior felony convictions and only one prior arrest for a misdemeanor assault has spent the last 27 months incarcerated contemplating what he will need to do to change his life. He has expressed remorse for his past criminal conduct and is prepared upon his release from prison to lead a law abiding life and seek gainful employment.

The U.S. Probation Department recommends a sentence of 54 months custody and 3 years supervised release for Mr. Dublynn. The factors that led probation to recommend a sentence of 54 months was Mr. Dublynn's early childhood and unfortunate circumstances, as he was raised by parents with both severe drug addiction and alcohol issues. His father was abusive to his son and physically and violently abusive to Mr. Dublynn's mother from the time of infancy until he was removed from his parents home, he was traumatized on a daily basis. As set forth by probation he has also struggled with his own alcohol and drug abuse. These mitigating factors were substantial enough for probation to consider an advisory guideline sentence of 54 months.

<u>Mr. Dublynn should receive a non-guideline sentence of less than 54 months</u>

As this court is aware in <u>United States v. Booker,</u> 543 U.S. 220 (2005) and its progeny, such a sentence is clearly within this Court's discretion. This court has "considerable discretion in identifying the grounds that can justify a non- guideline sentence" <u>United States v. Jones,</u> 531 F.3d 163, 168 n.5(2d Cir. 2008) (Raggi, J.J.). It is the factors enumerated in 18 U.S.C. & 3553(a) that allow the court the latitude to determine a just sentence without the draconian constraints of pre-<u>Booker</u> sentencing. As the First Circuit recognized in <u>United States v.Jimenez-Beltre,</u> 440 F.3d 514 (1st Cir. 2006) (Lipez, J. dissenting), the "guidelines are inescapably generalizations" that often "say little about the "history and characteristics of the defendant" (See also, <u>United States v. Myers,</u> 353 F. Supp 2d 1026 (U.S. dist. Ct. S.D. Iowa, Pratt, DJ, 2005). The decisions subsequent to <u>Booker</u> have universally supported the discretion now afforded to District Court judges to make individualized determinations at sentencing. In <u>United States v Pepper,</u> 131 S. Ct. 1229, 1240 (2011). The court must now be guided, in the final analysis, by all of the statutory factors set forth in 18 U.S. C. & 3553. The mandate of the sentencing court is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Section 3553" (<u>United States v. Pepper,</u> supra, at 1243).

We respectfully submit that there are compelling mitigating factors in this case, as set forth above, when applied to the statutory analysis warrant a non guideline sentence of less than 54 months.

<u>A departure based upon Mr. Dublynn's extreme mental and emotional conditions growing up</u>

In <u>U.S. v Rivera,</u> 192 F.3d 81, 85 (1999), the second circuit upheld a downward departure on the ground of extreme childhood abuse which caused mental and emotional issues that contributed to the defendant's commission of the offense of conviction. In <u>U.S. v Brady,</u> 417 F.3d 326, 334 (2005) the second circuit once again upheld a substantial downward departure where the defendant was violently abused and neglected as an infant and young adult.

As set forth herein and substantiated by the pre-sentence report and letters from family Mr. Dublynn was an eyewitness from the ages 3-5 to his father's violent physical abuse of his mother. There were not regular meals on the table. His father failed to maintain employment. He was a violent alcoholic and drug abuser who would return to the family apartment and abuse both his wife and his son. Mr. Dublynn's mother also suffered from drug and alcohol issues. Mr. Dublynn would either hide under the table in the kitchen or would lock himself in the bathroom when he heard the doorbell ring. The trauma and insecurity Mr. Dublynn was raised in surely is equal to or greater than the abusive conditions set forth in <u>Rivera</u> supra and <u>Brady</u> supra.

<u>Dublynn has been incarcerated in difficult conditions at the MDC for 27 months</u>

Mr. Dublynn has spent the last 27 months incarcerated in the MDC awaiting disposition of this matter. The prison time he has served in the MDC is significantly harsher than incarceration in a federal prison. Mr. Dublynn is unable to participate in educational or drug programs while incarcerated in the MDC. If he had been serving this time in a federal prison he certainly would have been able to participate in the drug and alcohol educational program. Additionally, he would have been able to take college courses toward a degree and would have had an opportunity to participate in daily recreational activities. At the MDC Mr. Dublynn has

been confined to the floor he is on and allowed limited recreation on a roof deck a few hours a week. Mr. Dublynn while an inmate at the MDC is unable to receive the education or counseling that is needed to enable him to maintain a sober life once he returns to society.

### In conclusion

In conclusion, Mr. Dublynn stands before this court at 36 years of age to be sentenced for his only felony conviction. While Mr. Dublynn's role in this case was not insignificant, he was a middle man working under the direction of others. He participated in the marijuana distribution conspiracy to finance his own drug addicted lifestyle. As set forth in the pre-sentence investigation he has no assets and will be starting life from scratch (when he returns to society). He has numerous, supportive family members and friends who are willing to help him obtain employment and live a sober life. Mr. Dublynn has accepted responsibility for his criminal conduct and in his early life had suffered tremendously from a chaotic and dysfunctional upbringing.

For all of the reasons set forth herein, it is respectfully submitted that Mr. Dublynn be sentenced to the lowest possible non-guideline sentence and a recommendation for the drug and alcohol program.

Respectfully submitted,

Barry Levin

cc.  Steven Tiscione
*Assistance United States Attorney*

Mary Ann Betts
*Senior United States Probation Officer*