

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP                                  *271 Cadman Plaza East*
F.#2011R01661/NY-NYE-648Z                *Brooklyn, New York  11201*

September 24, 2013

By Hand and ECF
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: United States v. Brian Dublynn
       Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

  The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for October 3, 2013.  By letter dated September 18, 2013, the defendant requests a sentence below the advisory Sentencing Guidelines range.  For the reasons set forth below, the government respectfully requests that the Court deny the defendant's request and sentence him within the advisory Sentencing Guidelines range of 63 to 78 months' imprisonment.

I.  Background

  In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

  During the course of the conspiracy, beginning in approximately 2007, the defendant was a mid-level distributor of marijuana who mainly worked under a co-conspirator known as "Duki," and was affiliated with co-defendant Gjavit Thaqi.  (PSR ¶¶ 15, 48).  Specifically, the defendant was involved in distributing a portion of at least two shipments of marijuana – 1,200 pounds and 1,000 pounds, respectively – that were imported from Mexico by other members of the conspiracy associated with Thaqi.  (PSR ¶ 31).  In addition to distributing marijuana derived from these loads, the defendant was a financial partner

with "Duki" in purchasing significant quantities of marijuana. (PSR ¶ 48). The defendant trafficked at least 700 kilograms of marijuana that he purchased himself and sold to his own customers. Id. During the course of the conspiracy, the defendant initially planned to invest in a load of cocaine that co-defendant Alberto Mercado assisted in importing from Mexico, but withdrew from the transaction. (PSR ¶ 33).

On July 13, 2011, a grand jury in the Eastern District of New York returned an eleven-count superseding indictment charging the defendant, among numerous others, in relation to a large-scale narcotics trafficking conspiracy. The defendant, in particular, was charged with five counts, including marijuana importation conspiracy, in violation of Title 21, United States Code, Section 963, conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii), cocaine importation conspiracy, in violation of Title 21, United States Code, Section 963, conspiracy to export cocaine, in violation of Title 21, United States Code, Section 963, and cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II).

On May 14, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). (PSR ¶ 1).

II. Discussion

   A. Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines

        should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B.   <u>The Advisory Guidelines Range Is 63 to 78 Months</u>

    The Probation Department has determined that the adjusted offense level is 27, the defendant is in Criminal History Category II, and the advisory Guidelines sentencing range is 78 to 97 months. (PSR ¶ 149). The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0. Including this reduction, the resulting advisory Guidelines sentencing range is 63 to 78 months. Id. ¶ 162.

    C.   <u>A Sentence Within the Guidelines Range Is Appropriate in This Case</u>

    Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

    In the defendant's letter dated September 18, 2013, he moves for a sentence of less than 54 months' incarceration, well below the advisory Guidelines range, due to the difficult mental and emotional conditions he suffered while growing up and the conditions in the Metropolitan Detention Center ("MDC"). While the circumstances of the defendant's early childhood are sympathetic, the vast majority of the defendant's upbringing was spent in his grandparents' loving and stable home where he was provided with private schooling and college tuition – privileges never available to the vast majority of defendants in his position. As such, the abuse the defendant witnessed in his early childhood years should not be a basis for a below-Guidelines sentence under § 3553(a).

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offense of conviction -- conspiring to distribute over 700 kilograms of marijuana -- is a serious crime that merits a serious punishment. Notably, this is not the defendant's first offense. He was convicted of a violent offense in 2012, assault in the third degree, which demonstrates his on-going lack of respect for the law. Thus, a term of imprisonment within the advisory Guidelines range is necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the imposition of a serious term of imprisonment in this case. In this case, specific deterrence is of particular concern given the fact that the defendant was in his thirties during the instant offense and appears to have made his living mainly, if not solely, by selling marijuana over the course of the conspiracy. A sentence within the advisory Guidelines range is therefore necessary to deter the defendant from committing further crimes and to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV. Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court

should impose a sentence within the advisory Guidelines range of 63 to 78 months.

                    Respectfully submitted,

                    LORETTA E. LYNCH
                    United States Attorney
                    Eastern District of New York

By:   /s/
                    Steven L. Tiscione
                    Gina M. Parlovecchio
                    Assistant U.S. Attorney
                    (718) 254-6317/6228

cc:   MaryAnn Betts, U.S. Probation Officer (by E-mail)
     Barry Levin, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)